FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -8 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01821-BNB

SCOTT EDWARD LOISELL,

    Applicant,

v.

RICHARD DICK SMELSER, Warden of CCCF, in his official capacity,

    Respondent.

## ORDER OF DISMISSAL

At the time of filing, Applicant, Scott Edward Loisell, was in the custody of the Colorado Department of Corrections (CDOC) and was incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. He has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the execution of his state sentence.[1]

Mr. Loisell was convicted of criminal offenses in Jefferson County District Court Case Nos. 04CR4164 and 06CR1769 and was sentenced to an aggregate sentence of eighteen months in the CDOC. Application at 2. He alleges that the sentencing court

---

[1] Mr. Loisell initiated this action by filing a Prisoner's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on July 26, 2010, and a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. In an Order entered August 2, 2010, Magistrate Judge Boyd N. Boland granted Mr. Loisell leave to proceed pursuant to 28 U.S.C. § 1915 and ordered him to pay an initial partial filing fee of $9.00 toward the $350.00 filing fee required in a non-habeas civil action. *See* 28 U.S.C. § 1914(a). Mr. Loisell paid $9.00 on August 16 before he filed his § 2241 Application on August 17. He then paid another $2.00 on September 20. Under 28 U.S.C. § 1914(a), a $5.00 filing fee is required in a habeas corpus proceeding. Mr. Loisell has satisfied that requirement.

awarded him 114 days of presentence confinement pursuant to § 18-1.3-405 (2004), C.R.S.,[2] which the CDOC has refused to credit against the term of his sentence. Mr. Loisell claims that his sentence, as executed by the CDOC, contravenes the Fourteenth Amendment Due Process Clause because it exceeds the period allowed by state law. Application, at 2-3.

On September 22, 2010, Magistrate Judge Boland ordered Respondent to file a preliminary response to the § 2241 Application addressing the affirmative defenses of timeliness and exhaustion of state remedies. Respondent filed a preliminary response on October 13, 2010. Mr. Loisell did not reply.

Mr. Loisell advised the Court on October 12, 2010, that he was released on parole on September 21. *See* Doc. No. 13. Although Applicant is no longer incarcerated, his claims are not moot because he remains under direct supervision by the State and is subject to reincarceration at any time. *See Aycox v. Lytle*, 196 F.3d 1174, 1176 n. 2 (10th Cir. 1999) (petitioner's release on parole did not moot habeas petition where parole period would be shortened if he prevailed on the merits of his claim); *see also* § 17-2-207(3), C.R.S. (2010) (parolee "remains under legal custody and shall be subject at any time to be returned to a correctional facility").

---

[2]Section 18-1.3-405 (2004), C.R.S., states:

A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. The period of confinement shall be deducted from the sentence by the department of corrections.

2

The Court must construe Mr. Loisell's Application liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Respondent argues that Mr. Loisell failed to exhaust state remedies before seeking federal habeas relief. Respondent maintains that Applicant has an available remedy in the state courts to challenge the CDOC's failure to award presentence confinement credit, through a petition for a writ of habeas corpus or a petition for mandamus relief. See Preliminary Resp. at 3-4. Respondent represents that the Colorado State Court Data Access Database shows that Mr. Loisell's criminal cases were closed in 2004 and 2006, respectively, and that Applicant has not instituted any new civil actions. See *id.* and Ex. A. Respondent does not attach a docket sheet for either of Mr. Loisell's criminal actions.

Mr. Loisell fails to establish that he exhausted available state court remedies. Postconviction claims for presentence confinement are cognizable under Colo. R. Crim. P. 35(a) and may be filed at any time. See *People v. Roy*, ___ P.3d ___, at *2 (Colo. App. 2010), 2010 WL 2305894 (June 10, 2010); see also *Massey v. People*, 736 P.2d 19, 20-21 (Colo. 1987) (reviewing order denying Rule 35(a) motion requesting additional days of presentence confinement credit). The state courts have also entertained such claims under Colo. R. Crim. P. 35(c). See, e.g., *People v. McGraw*, 30 P.3d 835, 839

(Colo. App. 2001) (electing to consider defendant's contention that court erred by not awarding presentence confinement credit as a Crim. P. 35(c) motion that sentence is not in accordance with the law).

Mr. Loisell has not demonstrated that he filed a motion for postconviction relief in either of his state criminal actions. Indeed, Mr. Loisell does not allege in his Application that he sought any relief in the state courts. Instead, Mr. Loisell states that he filed an administrative grievance with prison officials. Application at 3, and attachment. The grievance was denied because inmate challenges to sentence computations are not reviewable in the CDOC administrative grievance process. *Id.*

Mr. Loisell must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir.1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir.1992).

The Court concludes that Mr. Loisell's claim challenging the CDOC's failure to

award presentence confinement credit against his sentence was not presented to the state courts and is not exhausted. Accordingly, it is

ORDERED that Mr. Loisell's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is denied and the action dismissed without prejudice for failure to exhaust available state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Loisell has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __8th__ day of ___December___, 2010.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01821-BNB

Scott Edward Loisell
Prisoner No. 146663
19553 10th Ave
Barryton, MI 49305

Nicole S. Gellar
Assistant Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on December 8, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk